981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Augustus PINKERTON, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, and Attorney General of the State of
California, Respondents-Appellees.
 No. 92-55254.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1992.
Decided Dec. 28, 1992.
 
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Augustus Pinkerton appeals pro se the district court's denial of his habeas corpus petition. Pinkerton pleaded guilty to four counts of committing a lewd and lascivious act upon a child, Cal.Penal Code § 288(a); one count of committing a lewd and lascivious act on a child under the age of fourteen with force, Cal.Penal Code § 288(b); and one count of committing an act of forcible rape with a foreign object, Cal.Penal Code § 289(a). He was sentenced to a total of twenty-three years in prison. The California Court of Appeals affirmed the judgment. In a petition for habeas corpus in the Superior Court of Ventura County, California, Pinkerton alleged ineffective assistance of counsel and sentencing errors. A state court evidentiary hearing was held, at which appellant's counsel admitted that he did not know the law at the time of violation of § 289(a). Counsel also testified on his representation of appellant in general. The Superior Court dismissed the count under § 289(a) because, at the time of the crime, that statute did not include a finger as a foreign object, and Pinkerton was charged with using a finger as a foreign object. The court vacated the six-year prison term meted out on the § 289(a) count, leaving Pinkerton with a seventeen-year sentence. Pinkerton filed a habeas petition with the California Supreme Court; the court denied the petition.
 
 
 3
 In his federal habeas petition Pinkerton alleged that his entire plea was involuntary due to ineffective assistance of counsel and that the remedy of striking one count was inadequate. The federal district court rejected Pinkerton's petition for a writ of habeas corpus. He appeals.
 
 
 4
 The standard for ineffective assistance of counsel is the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This test also applies to ineffective assistance of counsel charges in the guilty plea setting. Hill v. Lockhart, 474 U.S. 52, 58 (1985). To satisfy the second prong in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. It is not enough to show that the terms of his plea agreement would have differed.
 
 
 5
 Pinkerton pleaded guilty to a number of counts, including one count that he did not commit because the statute at that time did not cover his conduct. This conviction was vacated and his sentence reduced accordingly. If he is to succeed in a claim that he received ineffective assistance of counsel with respect to the entire plea, he would have to show that there was a reasonable probability that he would not have pleaded guilty and that he would have insisted on going to trial. This he has not done.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3